File No. 30516-0001-JCG

**PARKER McCAY P.A.**
By:  John C. Gillespie, Esquire
9000 Midlantic Drive, Suite 300
P.O. Box 5054
Mount Laurel, New Jersey  08054
(856) 596-8900
jgillespie@parkermccay.com
Attorneys for Defendants, Ronald A. Cundey, in his official
capacity as Chief of Police of the Harrison Township Police
Department and John Polillo, in his official capacity as Chief
of Police of the Glassboro Police Department

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SANDRA KENDRICK, CAROL KINKADE, NANCY MERRITT, BOB'S LITTLE SPORT SHOP, INC., ASSOCIATION OF NEW JERSEY RIFLE & PISTOL CLUBS, INC., NEW JERSEY SECOND AMENDMENT SOCIETY, COALITION OF NEW JERSEY FIREARM OWNERS, FIREARMS POLICY COALITION, and SECOND AMENDMENT FOUNDATION, INC.<br><br>　　　　Plaintiffs,<br><br>　　　　　　v.<br><br>GURBIR GREWAL, in his official capacity as Attorney General of New Jersey; PATRICK J. CALLAHAN, in his official capacity as Superintendent of the New Jersey Division of State Police; MICHAEL GAIMARI, in his official capacity as Chief of Police of the Bridgeton Police Department, RONALD A. CUNDEY, in his official capacity as Chief of | HONORABLE ROBERT B. KUGLER<br><br>CIVIL ACTION NO. 21-cv-06231-RMB-AMD<br><br><br>　　　　CIVIL ACTION |

Police of the Harrison
Township Police Department,
and JOHN POLILLO, in his
official capacity as Chief of
Police of the Glassboro
Police Department,

    Defendants.

---

**BRIEF IN SUPPORT OF DEFENDANTS, RONALD A. CUNDEY AND JOHN
POLILLO MOTION TO DISMISS PLAINTIFF'S COMPLAINT, PURSUANT TO
<u>FED. R. CIV. P.</u> 12(b)(6)**

---

JOHN C. GILLESPIE, ESQUIRE
PARKER McCAY P.A.
9000 MIDLANTIC DRIVE, SUITE 30
P.O. BOX 5054
MOUNT LAUREL, NEW JERSEY   08054
(856) 596-8900

ATTORNEYS FOR DEFENDANTS
RONALD A. CUNDEY, IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE OF
THE HARRISON TOWNSHIP POLICE DEPARTMENT AND JOHN POLILLO, IN HIS
OFFICIAL CAPACITY AS CHIEF OF POLICE OF THE GLASSBORO POLICE
DEPARTMENT

## TABLE OF CONTENTS

PAGE NO.

PRELIMINARY STATEMENT ..............................................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY .......................1

LEGAL ARGUMENTS.................................................8

     I.STANDARD OF REVIEW ...............................8

     II. PLAINTIFFS' COMPLAINT STATES CONCLUSIONS OF LAW AND FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ............................................11

     III. PLAINTIFFS FAIL TO DEMONSTRATE DEFENDANTS CUNDEY AND POLILLO'S IMPLEMENTATION AND EXECUTION OF NEW JERSEY LAW DEPRIVED THEM OF THEIR CONSTITUTIONAL RIGHTS TO RECOVER UNDER SECTION 1983. ...............14

CONCLUSION ...................................................18

## TABLE OF AUTHORITIES

PAGE NO.

**Cases**

Anderson v. Creighton, 483 U.S. 635, 640 (1987) ..............15

Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) ...............9, 10

Bell Atlantic Corp. v. Twombly, 660 U.S. 544, 570
  (2007) ........................................8, 9, 10, 12

Fedus v. U.S., 402 F.3d 744, 750 (3d Cir. 2005) ..............10

Fowler v. UPMCS Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ....8

Hafer v. Melo, 502 U.S. 21, 27 (1991) .........................14

Jones v. R.R. Donnelley & Sons, 541 U.S. 369, 382 (2004) ..13, 17

Kentucky v. Graham, 473 U.S. 159, 165 (1985) .................15

Mayer v. Belichick, 605 F.3d 223, 229 (3d Cir. 2010) ..........9

Monell v. Department of Soc. Servs., 436 U.S. 658,
  690 n.55 (1978) ...........................................15

Monroe v. Pape, 365 U.S. 167, 172 (1961) .....................14

Phillips v. County of Alleghany, 515 F.3d 224, 232
  (3d Cir. 2008) .............................................9

Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008) .....10

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) ..9

Scheuer v. Rhoads, 416 U.S. 232, 236 (1974) ...............9, 15

Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) 15

Wilson v. Montano, 715 F.3d 847, 852 (10th Cir. 2013) .........10

**Statutes**

42 U.S.C. §1983 .....................1, 2, 8, 13, 14, 15, 16, 17

N.J.S.A. 2A:14-2 ........................................13, 17

N.J.S.A. 2C:58-3 ..............................2, 5, 6, 11, 15

N.J.S.A. 2C:58-3(a)(1),(b)(1) ...............................3

N.J.S.A. 2C:58-3D ...........................................16

**Rules**
F.R.Cv.P. 12(b)(6) ...............................1, 8, 10, 18

## PRELIMINARY STATEMENT

Defendants Ronald A. Cundey and John Polillo are named as Defendants in Plaintiffs' Complaint in their official capacities as Chiefs of Police of their respective municipalities.  The Complaint alleges that New Jersey's firearms permit requirements violate the Second Amendment to the United States Constitution, actionable under 42 U.S.C. §1983.  Plaintiffs seek declaratory relief, nominal damages, and attorney fees.  No municipal ordinances, rules or regulations are identified as the source for any grievance by any Plaintiff.  The Complaint therefore fails to state a cognizable claim against the Municipal Defendants. Defendants Cundey and Polillo move under F.R.Cv.P. 12(b)(6) to dismiss Plaintiffs' Complaint, as there is nothing alleged to have been done, or not done, by these gentlemen, that caused any of these Plaintiffs any harm.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

1. Plaintiffs, Sandra Kendrick, Carol Kinkade, Nancy Meritt, Bob's Little Sport Shop, Association of New Jersey Rifle & Pistol Clubs, Inc., New Jersey Second Amendment Society, Coalition of New Jersey Firearm Owners, Firearms Policy Coalition, Inc., and Second Amendment Foundation ("Plaintiffs") filed this lawsuit on March 22, 2021, against Defendants Gurbir S. Grewal, Patrick J. Callahan, Michael Gaimari, Ronald A. Cundey, and John

Polillo, in their official governmental capacities ("Defendants"). (Plaintiffs Complaint, Document ID 1).

2. This matter involves a challenge to the constitutionality of New Jersey's statutory and regulatory requirement that its citizens obtain a Firearms Purchaser Identification Card ("FID") in order to purchase a rifle or shotgun, and a Permit To Purchase a Handgun, in order to purchase a handgun. Plaintiffs also sue Defendants, acting in their official capacities, over the enforcement of these requirements. (Id., ¶ 61; ¶64).

3. Plaintiffs contend that New Jersey statute (N.J.S.A.) 2C:58-3, infringes on their Second Amendment right of self-defense, and that Defendants' enforcement of the statutory and regulatory provisions deprives Plaintiffs of their constitutional rights, causing injuries, actionable through 42 U.S.C. §1983. (Id., ¶ 62; ¶64).

4. Plaintiffs seek a declaration that N.J.S.A. 2C:58-3 and its implementing regulations facially violate the Second and Fourteenth Amendments of the United States Constitution (Id., pp. ID:25 ¶ A). Plaintiffs seek injunctive relief, nominal damages, and attorneys' fees and costs. (Id., Page ID: 26 ¶¶ B-E).

5. In their Complaint, Plaintiffs recite the permitting process to obtain a FID or Handgun Purchase Permit card in the State of New Jersey. (Id., ¶¶ 24-39; 42-51).

2

6. Plaintiffs allege the permit application process to obtain a FID card or Handgun Purchase Permit is complex, costly, and time-consuming. (Id., ¶ 47).

7. Specifically, Plaintiffs allege "New Jersey's burdensome permitting regime infringes on Plaintiffs Kendrick, Kinkade, and Merritt's exercise of their Second Amendment rights to acquire firearms. All Plaintiffs wish to acquire firearms in the State for self-defense, but to do so, they must complete the complex, costly, and time-consuming process of obtaining an FID card or Handgun Purchase Permit, See N.J.S.A. 2C:58-3(a)(1),(b)(1). But for these permitting requirements, all these Plaintiffs would purchase and possess a firearm for self-defense forthwith." (Id., ¶ 53).

8. However, neither Plaintiffs Sandra Kendrick, Carol Kinkade, nor Nancy Merritt ("Individual Plaintiffs") even allege that they have taken any steps to apply for an FID or Handgun Purchase Permit.

9. Individual Plaintiffs' Complaint identifies no actions or inactions on the part of Defendants Cundey or Polillo that caused harm to Plaintiffs, or interfere with their abilities to secure firearms permits.

10. Defendants Cundey and Polillo are mentioned one time each in Plaintiffs' Complaint. (Id., ¶¶ 22-23).

3

11.  Plaintiff Merritt is a resident of Harrison Township, County of Gloucester, State of New Jersey, where Defendant Cundey serves as the Chief of Police.  Plaintiff Meritt alleges she desires to possess a handgun for self-defense in the home. "Her husband is an essential, on-call employee who works out-of-state and is away from home for extended periods. She is concerned about protecting herself and her family in this time of social unrest." (¶¶ 12;22).

12.  Plaintiff Merritt claims that "but for her lack of a Handgun Purchase Permit, [she] would be qualified to purchase and possess a firearm."

13.  Plaintiff Merritt does not even allege that she applied for a Handgun Purchase Permit.

14.  Plaintiff Merritt, by her own admission, does not qualify to purchase and possess a firearm because she did not apply for a Handgun Purchase permit. (Id., ¶ 12).

15.  Plaintiff Merritt fails to plead any facts or allegations identifying any actions of these Defendants that caused, or contributed to, any harm or damage, suffered by Plaintiff Merritt.

16.  No other Plaintiff claims a relationship with Harrison Township or Chief Cundey; no other Plaintiff could plead, or has pleaded, a cause of action against him.

17.   Because Plaintiff Merritt never went through the permitting process, she does not, and cannot, allege that she was actually and negatively impacted by Chief Cundey's implementation of New Jersey's firearm permit requirements.

18.   Further, none of the Individual Plaintiffs have alleged facts to demonstrate an injury because (1) they have not applied for a permit pursuant to N.J.S.A. 2C:58-3; (2) have not requested accommodations necessary to complete a permit application, or otherwise alleged that they could not have obtained a firearm permit if they had applied for same.

19.   Plaintiff Bob's Little Sport Shop, Inc. is a business located at 316 North Delsea Drive in Glassboro, New Jersey.  Defendant Polillo is the Chief of Police of the Glassboro Borough (Gloucester County) Police Department in the jurisdiction where Bob's Little Sport Shop is located. (Id., ¶¶ 13;23).

20.   Plaintiffs allege New Jersey's "permitting regime harms Bob's Little Sport Shop economically" and "the permit requirements impose administrative burdens" on Plaintiff Bob's Little Sport Shop which must maintain records for firearm transactions under the law. (Id., ¶ 54).

21.   Plaintiff Bob's Little Sport Shop alleges the State's permitting requirements impose obstacles against potential customers and that "Bob's has reason to believe that this lost

business is due to the burdens of the permitting process." (Id., ¶ 54).

22. Plaintiff Bob's Little Sport does not, however, set forth any facts that allege harm committed by Defendant Polillo in his capacity as Chief of Police in the municipality in which Bob's Little Sport Shop is located.

23. Plaintiff Bob's Little Sport Shop has not identified any specific customer who decided not to purchase a gun as a result of the requirements of N.J.S.A. 2C:58-3, or even alleged that specific customers have not purchased guns as a result of these statutory requirements.

24. Plaintiff Bob's Little Sport Shop has not identified a reduction in sales or revenue as a result of the requirements of N.J.S.A. 2C:58-3.

25. Plaintiff Bob's Little Sport Shop does not allege that it, or any of its customers, are specifically and negatively impacted by the permitting process under N.J.S.A. 2C:58-3.

26. Plaintiff Bob's Little Sport Shop has not alleged its business has declined or that such a decline in its business, is attributable to any regulatory burden placed on its customers.

27. Most important, Plaintiff Bob's Little Sport Shop has not alleged, AT ALL, that Defendant Glassboro Chief John Polillo has done anything, or failed to do anything, which action or inaction has caused it any harm or damage.

28.  As such, Bob's Little Sport Shop has not provided factual allegations sufficient to establish a right to relief against Chief John Polillo.

## LEGAL ARGUMENTS

### I.   STANDARD OF REVIEW

Defendants Ronald A. Cundey and John Polillo move to dismiss all claims against them because the Complaint fails to set forth a cause of action upon which relief may be granted against them; and because Plaintiffs' Complaint is devoid of any allegations that either of these Police Chiefs took, or failed to take, any action or course of conduct, or implemented any statutory or regulatory provisions, depriving Plaintiffs of their constitutional rights, causing injuries, actionable through 42 U.S.C. §1983.

Federal Rule of Civil Procedure 12(b)(6) allows the court to dismiss an action for a failure to state a claim upon which relief can be granted.  When deciding a motion to dismiss, the court will "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Fowler v. UPMCS Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  In order to survive a motion to dismiss, a complaint must contain facts that, assumed true, state a plausible cause of action.  Bell Atlantic Corp. v. Twombly, 660 U.S. 544, 570 (2007).  However, a plaintiff's burden "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 555.

8

The courts have outlined a three-part test.   Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).   First, the court "tak[es] note of the elements a plaintiff must plead to state a claim." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).   Second, the court identifies which allegations are so conclusory they "are not entitled to the assumption of truth." Id. (quoting Iqbal, 556 U.S. at 679).   Third, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. (quoting Iqbal, 556 U.S. at 679). The court's determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.   When a court can only infer that a claim is merely possible rather than plausible the claim will fail.   Id.; See also Mayer v. Belichick, 605 F.3d 223, 229 (3d Cir. 2010) ("in order to withstand a motion to dismiss, 'a complaint's [f]actual allegations must be enough to raise a right to relief above the speculative level.'")(quoting Phillips v. County of Alleghany, 515 F.3d 224, 232 (3d Cir. 2008)).

A District Court, in weighing a motion to dismiss asks "not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claim." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007) (quoting Scheuer v. Rhoads, 416 U.S. 232, 236 (1974)).   However, a complaint

will not withstand a Fed. R. Civ. P. 12(b)(6) challenge if it contains nothing more than "unadorned, the - - defendant - - unlawfully - - harmed - - me accusations." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); see also Bell Atlantic Corp. v. Twombly, supra. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") The defendant bears the burden of showing that no claim has been presented. Fedus v. U.S., 402 F.3d 744, 750 (3d Cir. 2005). In the context of a § 1983 action against multiple individual governmental actors, "it is particularly important ... that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." Wilson v. Montano, 715 F.3d 847, 852 (10th Cir. 2013)(quoting Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008). Here, the issue is not simply one of evaluating whether the "complaint makes clear exactly who is alleged to have done what to whom"; instead, it is whether there is any allegation that Ronald Cundey or John Polillo did anything at all, or failed to do something, which caused harm to anyone named as a Plaintiff in this Complaint. The answer is, clearly, "No." The Complaint must be dismissed as to them.

## II.   PLAINTIFFS' COMPLAINT STATES CONCLUSIONS OF LAW AND FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Individual Plaintiffs Sandra Kendrick, Carol Kinkade, and Nancy Merritt have failed to state a claim upon which relief can be granted against moving Defendants.  At best, Plaintiffs' claim rests on pure speculation about what might have happened, or how long that something would have taken, had any of them actually applied for a permit in either Harrison Township or Glassboro Borough.  Plaintiffs have not alleged facts to demonstrate an injury because they have not applied for a permit pursuant to N.J.S.A. 2C:58-3, have not requested accommodations necessary to complete a permit application, or otherwise proved that they could not obtain a firearm permit in a timely fashion if they did apply. Plaintiff Merritt did not apply for a permit to carry a firearm; and did not plead facts to demonstrate why she would be entitled to one from Harrison Chief Ronald Cundey had she applied.  Instead, she brings suit against Chief Cundey solely because he happens to serve as the Chief of Police in the municipality in which she resides.  This is despite the undisputable fact that Defendant Cundey has not acted, or failed to act, in a way contrary to law or in a way that causes harm to Plaintiff Merritt.

Furthermore, while Plaintiff alleges the application review process is often delayed beyond what is permitted under the law, Plaintiff offers no allegation that Harrison Township, Gloucester

11

County, the jurisdiction Defendant Cundey serves, has delayed the review process longer than the 30-day statutory allotment.  In a motion to dismiss, the Court is not making a determination on the viability of the claim, but instead determining whether there is a reasonable expectation that discovery will reveal evidence of the necessary element. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).  Plaintiff Merritt cannot allege any facts to demonstrate the viability of her claim.  Plaintiffs' Complaint Exhibit 3 is a "Report to Governor Christopher J. Christie from the New Jersey Firearm Purchase and Permitting Study Commission Established Pursuant to Executive Order 180" (the "Report") dated December 21, 2015.  The Report does not mention Harrison Township (or Glassboro Borough).  Appendix A to that Report is a chart providing for the time for processing permits in approximately 100 different jurisdictions.  Notably, **Harrison Township, Gloucester County** is absent from this list.[1]  Therefore, Plaintiffs own Exhibit belies the existence of any facts showing the existence **of permitting delays in the Township of Harrison.**

Plaintiff Bob's Little Sport Shop has also failed to create a genuine issue of material fact that the alleged decline in business is attributable to any regulatory burden placed on its customers.  Bob's offers only speculation.  Further, Plaintiff

---

[1] Page 1 of Appendix A lists Harrison.  This is in reference to the City of Harrison in Hudson County.

Bob's Little Sport fails to set forth any facts that demonstrate
a specific harm committed against it by Defendant John Polillo in
his capacity as Chief of Police in the municipality (Glassboro) in
which Bob's Little Sport Shop is located.  Bob's Little Sport Shop
alleges no personal knowledge of any harm to its customers.  As
previously mentioned, Chief John Polillo is mentioned <u>once</u> in
Plaintiffs entire Complaint.  Plaintiffs fail to identify any harm
committed by Defendant Polillo in his implementation of New Jersey
law that would give rise to a grievance.  Appendix A of the Report
on reported delays by municipalities of permit applications lists
Glassboro twice.  Both alleged delays (60 days and 92 days
respectively) occurred in 2014.  Plaintiff fails to provide any
evidence of permitting application delays in Glassboro Borough
since 2014.  Plaintiffs' claims under §1983 of the Civils Rights
Act have a two-year statute of limitations.  <u>Jones v. R.R.</u>
<u>Donnelley & Sons</u>, 541 U.S. 369, 382 (2004) (federal civil rights
claims under §§ 1983 are subject to the state statute of
limitations for personal injury actions); see also N.J.S.A. 2A:14-
2 (New Jersey statute of limitations of two (2) years for "actions
for injury to persons by wrongful action").  Therefore, the only
factual evidence provided by Plaintiffs, as part of their
allegations, are well beyond the applicable statute of
limitations.  No relief could be granted under the allegations

pled by Plaintiffs.   Defendants' motion to dismiss should be granted.

### III. PLAINTIFFS FAIL TO DEMONSTRATE DEFENDANTS CUNDEY AND POLILLO'S IMPLEMENTATION AND EXECUTION OF NEW JERSEY LAW DEPRIVED THEM OF THEIR CONSTITUTIONAL RIGHTS TO RECOVER UNDER SECTION 1983

Plaintiffs fail to allege any facts against Defendants Cundey or Polillo that would give rise to a grievance sufficient to establishing Section 1983 liability.   42 U.S.C. §1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." Section 1983 was intended to provide "'a remedy to parties deprived of constitutional rights, privileges and immunities by an official's abuse of his position."' (Hafer v. Melo, 502 U.S. 21, 27 (1991) (quoting Monroe v. Pape, 365 U.S. 167, 172 (1961)).   The Supreme Court determined that Congress enacted Section 1983 to "'enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or

14

misuse it."' Id. at 28 (quoting Scheuer v. Rhodes, 416 U.S. 232, 243 (1974)).

Government officials named as defendants in Section 1983 suits in their official capacity generally represent another way of pleading an action against the government entity, because it is a suit against the office, not the official. See Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citing Monell v. Department of Soc. Servs., 436 U.S. 658, 690 n.55 (1978)); see also Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Suits against state officials in their official capacity are treated no different from a suit against the state, so they are not "persons" when a suit seeks monetary damages. Will at 71.

In order to prevail in an official capacity suit, Plaintiffs must show that execution of the State's policy or custom deprived them of their constitutional rights to recover under Section 1983. See Monell v. Department of Soc. Servs., 436 U.S. 658, 694 (1978). For a constitutional right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987).

Here, Plaintiffs allege that provisions of New Jersey law, N.J.S.A. 2C:58-3, establishing the process for obtaining a Firearms Purchase Identification Card and Purchase permit, violates the Second and Fourteenth Amendments of the United States

15

Constitution.     As   Chief   of   Police   of   their   respective municipalities,  Defendants  Ronald  A.  Cundey  and  John  Polillo receive applications and issue both FID cards and purchase permits to qualified applicants. N.J.S.A. 2C:58-3D.   Plaintiff Merritt, who resides in the jurisdiction Defendant Cundey serves, never went through the permitting process.   Plaintiff Merritt does not, and cannot, allege that she was actually and negatively impacted by Chief Cundey's implementation of New Jersey's firearm permit requirements.   Therefore, Plaintiff Merritt has failed to show a deprivation  of  a  constitutional  right  by  Cundey  to  establish Section 1983 liability.  Rather, Plaintiff Merritt has done nothing more than speculate as to harm she has yet to suffer.  Defendant Cundey cannot now be penalized solely for serving in the same municipality in which Plaintiff Merritt resides, without taking any action or inaction against Plaintiff Merritt that could cause her harm.  Plaintiff Merritt cannot demonstrate, nor does she offer factual averments in support of any allegation, that Defendant Cundey's execution of state law deprived her of a constitutional right, while acting under Color of State Law.

Similarly, Plaintiff Bob's Little Sport Shop has failed to set forth any facts that demonstrate harm committed by Defendant John Polillo in his capacity as Chief of Police in the municipality in which Bob's Little Sport Shop is located, to demonstrate a deprivation of its constitutional right.   Plaintiff Little Bob's

16

Sport Shop has failed to demonstrate that any action or inaction on behalf of Defendant Polillo, acting under Color of State Law, has caused injury to Bob's.

Appendix A of the Report on reported delays by municipalities of permit applications lists Glassboro twice.  Both alleged delays (60 days and 92 days respectively) occurred in 2014.  Plaintiff fails to provide any evidence of, or even allege, application delays in Glassboro Borough since 2014.  Plaintiff's claims under §1983 of the Civils Rights Act have a two-year statute of limitations.  Jones v. R.R. Donnelley & Sons, 541 U.S. 369, 382 (2004) (federal civil rights claims under §§ 1983 are subject to the state statute of limitations for personal injury actions); see also N.J.S.A. 2A:14-2 (New Jersey statute of limitations of two (2) years for "actions for injury to persons by wrongful action").

Here, the instant matter was filed well-after the expiration of the two-year statute of limitations for federal civil rights claims against Defendants Cundey and Polillo, and Plaintiffs have failed to produce any other evidence other than two delayed applications in 2014, to demonstrate alleged harm or knowledge of an alleged harm.  No relief could be granted under the allegations pled by Plaintiffs.  Defendants' motion to dismiss should be granted.

17

<u>CONCLUSION</u>

Based on the foregoing, it is clear that Plaintiffs do not allege that either of these Defendants, while acting under Color of Law, subjected or caused to be subjected, these Plaintiffs to any violations of their Constitutional Rights.   As to these Plaintiffs, these Defendants were never given such an opportunity. It is respectfully suggested that the Court grant Defendants', Ronald A. Cundey, in his official capacity as Chief of Police of the Harrison Township Police Department and John Polillo, in his official capacity as Chief of Police of the Glassboro Police Department, Motion to Dismiss Plaintiffs' Complaint for Failure to State a Claim upon which relief may be granted under <u>Rule</u> 12(b)(6).

Respectfully submitted,

PARKER McCAY P.A.
Attorneys for Defendants,
Ronald A. Cundey, in his
official capacity as Chief of
Police of the Harrison
Township Police Department
and John Polillo, in his
official capacity as Chief of
Police of the Glassboro
Police Department

BY: _____
     JOHN C. GILLESPIE, ESQUIRE

Dated:   June 3, 2021

4839-1970-5319, v. 1

18