

Parker McCay P.A.
9000 Midlantic Drive, Suite 300
P.O. Box 5054
Mount Laurel, New Jersey 08054-5054

P: 856.596.8900
F: 856.596.9631
www.parkermccay.com

**John C. Gillespie, Esquire**
Direct Fax: 856-489-6980
jgillespie@parkermccay.com

July 26, 2021

File No. 30516-1

**VIA E-FILING and COURTESY COPY (regular mail)**

The Honorable Robert B. Kugler, U.S.D.C.J.
United States District Court
Mitchell H Cohen US Courthouse, Rm. 6040
1 John F. Gerry Plaza, P.O. Box 889
Camden, NJ 08101

    Re:  **Kendrick, et al v. Gurbir S. Grewal, et al**
           Docket No. 21-cv-06231-RBK-AMD
           Reply to Opposition to Notice of Motion to Dismiss
           Complaint pursuant to Fed.R.Civ.P. 12(b)(6) ret.
           August 2, 2021

Dear Judge Kugler:

    Please accept this short letter memorandum in lieu of more formal brief in response to Plaintiffs' opposition to the Motion to Dismiss their Complaint against the Defendants, Ronald A. Cundey, in his official capacity as Chief of Police of the Harrison Township Police Department, and John Polillo, in his official capacity as Chief of Police of the Glassboro Police Department.  Nothing in the Plaintiffs' opposition papers offers any reason to deny the Defendants' Motion.  Simply stated, Plaintiffs do not dispute that neither Chief Cundey, nor Chief Polillo, engaged in any activity, took any action, or failed to

COUNSEL WHEN IT MATTERS.℠

Mount Laurel, New Jersey | Lawrenceville, New Jersey | Atlantic City, New Jersey

**PARKER McCAY**

July 26, 2021
Page 2

take any action, which resulted in harm or damage to any of the Plaintiffs, and/or for which relief can be granted against them in the form of compensatory or other damages. If anything, Plaintiffs have simply underscored that the declaratory relief they seek is that which can be granted only against the State regarding the constitutionality of the State's gun permit laws. Neither Chief Cundey, nor Chief Polillo, wrote those laws. Neither is in a position to repeal those laws, or void them, even if they wished to do so. Yet, Plaintiffs wish to pursue damage claims against these gentlemen.

Plaintiffs rely upon, among other cases, Presbytery of New Jersey of Orthodox Presbyterian Church v. Florio, 40 F.3d. 1454; 1465-68, 1470 n.13 (3d. Cir. 1994). (Pb7). The case is certainly interesting and may indeed support the proposition that a claim against the State, challenging the constitutionality of the State's firearms permit legislation, is ripe, and the Plaintiffs have standing. None of that changes the fact that there is no claim that can be asserted against these individual Chiefs of Police, particular on a damage basis, where no action has been taken by those Chiefs, or where those Chiefs have failed to take action, which would harm the Plaintiffs, giving rise to a claim for damages by them against



these Chiefs. In evaluating "ripeness", the Third Circuit in Presbytery, set forth various principles that support the positions of Defendants Cundey and Polillo. In Presbytery, the Court wrote:

> "The concepts of standing and ripeness are related. Each is a component of the Constitution's limitation of the judicial power to real cases and controversies. Correct analysis in terms of ripeness tells us when a proper party may bring an action and analysis in terms of standing tells us who may bring the action. *See* Armstrong World Indus., Inc. v. Adams, 961 F.2d 405, 411 & nn. 12-13 (3d Cir. 1992); *see also* Erwin Chemerinsky, Federal Jurisdiction 99 (1989) ("standing focuses on whether the type of injury alleged is qualitatively sufficient to fulfill the requirements of Article III and whether the plaintiff has personally suffered that harm, whereas ripeness centers on whether that injury has occurred yet"). Because these concepts are so closely related, they can be confused or conflated. "It is sometimes argued that standing is about *who* can sue while ripeness is about *when* they can sue, though it is of course true that if no injury has occurred, the plaintiff can be told that either she cannot sue, or that she cannot sue *yet*. (cit. om.)" Presbytery of New Jersey, *supra* at 1462. (emphasis added)

The Presbytery Court went on to note:

> "Ripeness prevents courts from 'entangling themselves in abstract disagreements.' (cit. om.). . . The ripeness determination 'evaluates both the fitness for the issues for judicial decision and the hardship to

> the parties of withholding court consideration. (cit. om.) Ultimately, the case must involve a 'real and substantial controversy admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts'. (cit. om.) "A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered some threatened or actual injury resulting from the putatively illegal action. . .' (cit. om.). . .
>
> As Professor Chemerinsky recognizes, 'ripeness properly should be understood as involving the question of when a party may seek preenforcement review of a statute or regulation.' Chemerinsky, *supra* at 100. . . Thus, it is not surprising that ripeness inquiry often involves declaratory actions which present special problems.' (cit. om.)" <u>Presbytery</u>, Id., at 1462-1462.

Whether the jurisprudential term "ripeness" is used, or whether the common sense notion that until an individual defendant has committed some act, or failed to take some act, which proximately cause a plaintiff injury or harm, no damage claim should be allowed against that individual defendant. Here, Plaintiffs might have standing, and the issue of the constitutionality of the Second Amendment, might be ripe for adjudication, against the State defendants. However, as to a direct damage claim against individual Chiefs of Police, who have no role in determining whether to enact legislation that

**PARKER McCAY**

July 26, 2021
Page 5

may or may not conflict with the Second Amendment, have no ability to repeal that legislation should they believe that it does conflict with the Second Amendment, and who have not been given the opportunity to either approve or deny a firearm permit, a damage claim against them cannot survive. They simply have no role in the process of enacting or adjudicating the validity of a statute. Nor have they even been given the opportunity to deny these Plaintiffs any rights under the Second Amendment, such as would create a concrete judiciable controversy as to them. They are simply named in this case because they have the misfortune of being Chiefs of Police in municipalities in which one of these Plaintiffs lives, and another conducts its business.

Regardless of the nomenclature adopted to describe the situation, it is respectfully suggested that as to these Defendants, no damage claim should be allowed to proceed under the facts of this case. Moreover, they are not necessary parties for this matter to proceed as to the constitutionality of the Second Amendment. All claims, therefore, against Defendants Cundey and Polillo, should be dismissed with prejudice.

Case 1:21-cv-06231-RBK-AMD   Document 41   Filed 07/26/21   Page 6 of 6 PageID: 277



July 26, 2021
Page 6

Needless to say, should the Court have any questions or wish anything further, we shall, of course, remain available.

Respectfully submitted,

JOHN C. GILLESPIE

JCG/jth
**VIA E-FILING ONLY:**
cc:  David Douglas Jensen, Esquire
     Daniel I. Schmutter, Esquire
     David H. Thompson, Esquire
     Peter A. Patterson, Esquire
     Joseph O. Masterman, Esquire
     Joseph Fanaroff, Assistant Attorney General
     Stephanie M. Mersch, DAG