## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SANDRA KENDRICK, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | Hon. Noel L. Hillman, U.S.D.J. |
| | ) | Hon. Ann Marie Donio, U.S.M.J. |
| | ) | Civil Action No. 21-cv-6231 |
| v. | ) | |
| | ) | |
| MATTHEW J. PLATKIN, in his | ) | **CIVIL ACTION** |
| official capacity as Acting Attorney | ) | |
| General of New Jersey, *et al.*, | ) | **(ELECTRONICALLY FILED)** |
| | ) | |
| *Defendants*. | ) | |

## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Civil Rule 15.1(a), Plaintiffs move for leave to file the Amended Complaint attached to this motion. Defendants consent to this motion. In support of this motion and in lieu of a brief,[1] Plaintiffs state as follows.

Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave," but that "[t]he court should freely give leave when justice so requires." This is a "liberal standard." *Spartan Concrete Prod., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019). Leave

---

[1] Pursuant to Local Civil Rule 7.1(d)(4), Plaintiffs state that this motion contains the reasons why leave to amend should be granted and that an additional brief is not necessary.

to amend may be denied only upon such bases as "undue delay, bad faith, dilatory motive, prejudice, and futility." *Id*. (internal quotation marks omitted).

Plaintiffs seek to amend their complaint to comply with the jurisdictional rulings in the Court's Opinion and Order of February 23, 2022, Docs. 45 & 46. The Court held that the Individual Plaintiffs lacked standing to challenge New Jersey's permitting requirements for firearm purchases and that the Association Plaintiffs accordingly lacked representational standing, dismissing the Individual Plaintiffs and two Association Plaintiffs without prejudice. One of the Individual Plaintiffs has now applied for a Firearms Purchaser Identification ("FID") card and a Handgun Purchase Permit. The Amended Complaint also names a new Individual Plaintiff who is a member of all the Association Plaintiffs and who possesses an FID card, which he uses to purchase long guns, and continuously maintains an active Handgun Purchase Permit to enable him to purchase handguns. To show an injury in fact, the Court held that a plaintiff must "submi[t] to the government policy" at issue. Doc. 45 at 9. Both of these Plaintiffs have done so. Under the Court's Order, therefore, both of these Plaintiffs have standing, and the Association Plaintiffs have representational standing to sue on their and other members' behalf.

The Amended Complaint maintains two Individual Plaintiffs who have not applied for FID cards or Handgun Purchase Permits. Although these Plaintiffs do not have standing under the Court's Order, the Amended Complaint includes them—

and the Defendant who is the Chief of Police for the jurisdiction where one of them resides—to preserve these Plaintiffs' appeal rights. If the Court grants leave to amend on the condition that these previously dismissed parties be omitted, Plaintiffs will file a new Amended Complaint without waiving these Plaintiffs' rights. *See Mullin v. Balicki*, 875 F.3d 140, 156–57 (3d Cir. 2017).

This motion is not brought with "undue delay," "bad faith," or a "dilatory motive." *Spartan Concrete Prod., LLC*, 929 F.3d at 115. Plaintiffs worked diligently to comply with the Court's jurisdictional rulings. Allowing leave to amend would also not be futile; indeed, the Court has already denied a motion to dismiss for failure to state a claim. And as reflected in the blacklined copy also attached to this motion, the Amended Complaint contains no new claims. Its purpose is simply to enable Plaintiffs who were dismissed to continue to assert their Second Amendment rights. The Amended Complaint thus does not "fundamentally alter the proceeding" and will prejudice no Defendant, including the newly named Defendant who is the Chief of Police for the jurisdiction where the new Individual Plaintiff resides. *Id.* at 116 (cleaned up). After all, this case is still in its infancy: no Defendant has even answered the existing complaint.

Plaintiffs therefore respectfully request the Court's leave to file the attached Amended Complaint.

Dated April 11, 2022

Daniel L. Schmutter
HARTMAN & WINNICKI, P.C.
74 Passaic Street
Ridgewood, New Jersey 07450
(201) 967-8040
(201) 967-0590 (fax)
dschmutter@hartmanwinnicki.com

*Attorneys for Plaintiff Association of
New Jersey Rifle & Pistol Clubs, Inc.*

Respectfully submitted,

David D. Jensen
DAVID JENSEN PLLC
33 Henry Street, Suite 420
Beacon, New York 12508
(212) 380-6615
(914) 591-1318 (fax)
david@djensenpllc.com

David H. Thompson*
Peter A. Patterson*
Joseph O. Masterman*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
jmasterman@cooperkirk.com

*Attorneys for Plaintiffs*

*Appearing pro hac vice

4

# CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will cause a copy of the document to be served electronically on all parties or their counsel.

s/David D. Jensen
David D. Jensen

*Attorney for Plaintiffs*