# DAVID JENSEN PLLC
BEACON  ◊  MANHATTAN

33 HENRY STREET
BEACON, NEW YORK  12508

111 JOHN STREET, SUITE 420
NEW YORK, NEW YORK  10038

April 25, 2022

Hon. Ann Marie Donio, U.S.M.J.
Mitchell H. Cohen Building and U.S. Courthouse
4th and Cooper Streets
Camden, NJ 08101

    Re:    <u>Kendrick, et al. v. Platkin, et al.</u>
            No. 1:21-cv-06231

Dear Judge Donio:

    With the consent of all parties, I write to request entry of the proposed Consent Order attached to this letter directing Plaintiffs to file the revised version of their amended complaint also attached to this letter. The parties jointly request this Order for the reasons below.

    On April 13, 2022, the Court entered an Order granting Plaintiffs' motion for leave to file an amended complaint and directing Plaintiffs to "file the amended complaint in the form attached to their motion within ten (10) days of entry of this Order," *i.e.*, by April 25, 2022. Order at 1–2, Doc. 51 (Apr. 13, 2022); *see* FED. R. CIV. P. 6(a)(1)(C).

    The amended complaint alleges that Plaintiff Sandra Kenrick had applied for a Firearms Purchaser Identification ("FID") card and Permit to Purchase a Handgun ("Handgun Purchase Permit") and that those applications were pending. *See* Amended Complaint ¶¶ 10, 58, Doc. 49-1 (Apr. 11, 2022). The amended complaint also includes two Plaintiffs (Kinkade and Merritt) and one Defendant (Cundey) who had previously been dismissed on standing grounds. These parties were included "in order to preserve the [standing] issue for appeal." *Id.* ¶ 11 n.1; *see also* Mot. for Leave To File Am. Compl. at 2–3, Doc. 49 (April 11, 2022) ("Although these Plaintiffs do not have standing under the Court's Order, the Amended Complaint

includes them—and the Defendant who is the Chief of Police for the jurisdiction where one of them resides—to preserve these Plaintiffs' appeal rights.").

After the Court granted Plaintiffs leave to file the amended complaint, but before Plaintiffs had filed the complaint, Plaintiff Kendrick's applications for an FID card and Handgun Purchase Permit were granted. Although the Court ordered Plaintiffs to "file the amended complaint in the form attached to their motion," Doc. 51 at 1, that version of the amended complaint does not contain all current facts. The parties therefore request that the Court order Plaintiffs to file an amended complaint with edits to reflect this recent development, as shown in the blackline copy attached to this motion.

The parties also wish to take this opportunity to remove previously dismissed parties from forthcoming litigation in this Court. Plaintiffs included those parties in the amended complaint to avoid appearing to drop them voluntarily and thus risk waiving appellate rights. "Because an amended complaint supersedes the original," the Third Circuit has explained, "parties voluntarily dropped from an amended complaint do not remain in the case." *Mullin v. Balicki*, 875 F.3d 140, 156 (3d Cir. 2017) (internal quotation marks omitted). "Dropping parties . . . can therefore lead to abandonment later in the case and on appeal." *Id*. at 156–57. When a plaintiff seeks to file an amended complaint after certain parties have been dismissed, "the preferred way to resolve the problem" is to "allo[w] amendment but conditio[n] it on omission of previously dismissed . . . parties." *Id*. at 157. The parties therefore request that the Court also order Plaintiffs to file an amended complaint without reference to previously dismissed parties. This order would conform to the Court's prior ruling on standing. In requesting and complying with such an order, Plaintiffs waive no rights as to previously dismissed parties.

Accordingly, the parties jointly request that the Court enter a Consent Order as described above. Exhibit A to this letter is the proposed Consent Order. Exhibit B is a blackline copy of the new amended complaint reflecting the changes described in this letter. Exhibit C is a clean copy of the new amended complaint that Plaintiffs would file upon entry of the Consent Order.

| | |
|---|---|
| Dated April 25, 2022 | Respectfully submitted, |
| Daniel L. Schmutter<br>HARTMAN & WINNICKI, P.C.<br>74 Passaic Street<br>Ridgewood, New Jersey 07450<br>(201) 967-8040<br>(201) 967-0590 (fax)<br>dschmutter@hartmanwinnicki.com<br><br>*Attorneys for Plaintiff Association of New Jersey Rifle & Pistol Clubs, Inc.* | /s/David D. Jensen<br>DAVID JENSEN PLLC<br>33 Henry Street, Suite 420<br>Beacon, New York 12508<br>(212) 380-6615<br>(914) 591-1318 (fax)<br>david@djensenpllc.com<br><br>David H. Thompson*<br>Peter A. Patterson*<br>Joseph O. Masterman*<br>COOPER & KIRK, PLLC<br>1523 New Hampshire Ave., N.W.<br>Washington, D.C. 20036<br>(202) 220-9600<br>(202) 220-9601 (fax)<br>dthompson@cooperkirk.com<br>ppatterson@cooperkirk.com<br>jmasterman@cooperkirk.com<br><br>*Attorneys for Plaintiffs*<br><br>  *Appearing *pro hac vice* |