# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

SANDRA KENDRICK,    )
             )
JOSEPH POST,      )
             )
BOB'S LITTLE SPORT SHOP, INC.,  )
             )
ASSOCIATION OF NEW JERSEY RIFLE )
& PISTOL CLUBS, INC.,    )
             )
NEW JERSEY SECOND AMENDMENT )
SOCIETY,       )   Civil Action No. 21-cv-6231
             )
COALITION OF NEW JERSEY   )
FIREARM OWNERS,     )
             )
FIREARMS POLICY COALITION, INC., )
*and*          )
             )
SECOND AMENDMENT FOUNDATION, )
             )
     *Plaintiffs*,   )
             )
v.          )
             )
MATTHEW J. PLATKIN, in his official )
capacity as Acting Attorney General of )
New Jersey,       )
             )
PATRICK J. CALLAHAN, in his official )
capacity as Superintendent of the New )
Jersey Division of State Police,  )
             )
JOHN POLILLO, in his official capacity as )
Chief of Police of the Glassboro Police )
Department, *and*     )
             )

MARK TINITIGAN, in his official capacity )
as Chief of Police of the South River Police )
Department, )
                                             )
            *Defendants*. )

## AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND NOMINAL DAMAGES

Daniel L. Schmutter
HARTMAN & WINNICKI, P.C.
74 Passaic Street
Ridgewood, New Jersey 07450
(201) 967-8040
(201) 967-0590 (fax)
dschmutter@hartmanwinnicki.com

*Attorneys for Plaintiff Association of
New Jersey Rifle & Pistol Clubs, Inc.*

David D. Jensen
DAVID JENSEN PLLC
33 Henry Street
Beacon, New York 12508
(212) 380-6615
(914) 591-1318 (fax)
david@djensenpllc.com

David H. Thompson*
Peter A. Patterson*
Joseph O. Masterman*
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
jmasterman@cooperkirk.com

*Appearing *pro hac vice*

*Attorneys for Plaintiffs*

## LOCAL CIVIL RULE 10.1 STATEMENT

The mailing address of the parties to this action are:

Sandra Kendrick
268 Hand's Mill Road
Belleplain, New Jersey 08270

Joseph Post
9 Bright St.
South River, New Jersey 08882

Bob's Little Sport Shop, Inc.
316 North Delsea Drive
Glassboro, New Jersey 08028

Association of New Jersey Rifle & Piston Clubs, Inc.
5 Sicomac Road, Suite 292
North Haledon, New Jersey 07508

New Jersey Second Amendment Society
PO Box 96
Hightstown, New Jersey 08520

Coalition of New Jersey Firearm Owners
PO Box 768
Sewell, New Jersey 08080

Firearms Policy Coalition, Inc.
1215 K Street, 17th Floor
Sacramento, CA 95814

Second Amendment Foundation
12500 NE 10th PL
Bellevue, WA 98005

Matthew J. Platkin
Office of the Attorney General
RJ Hughes Justice Complex
25 Market Street, Box 080
Trenton, New Jersey 08625

Patrick J. Callahan
Office of the Superintendent
New Jersey State Police
1400 Negron Road
Trenton, New Jersey 08691

John Polillo
Glassboro Police Department
1 South Main Street
Glassboro, New Jersey 08028

Mark Tinitigan
South River Police Department
61 Main Street
South River, New Jersey 08882

Plaintiffs Sandra Kendrick, Joseph Post, Bob's Little Sport Shop, Association of New Jersey Rifle & Pistol Clubs, Inc., New Jersey Second Amendment Society, Coalition of New Jersey Firearm Owners, Firearms Policy Coalition, Inc., and Second Amendment Foundation (collectively "Plaintiffs"), by and through their undersigned attorneys, file this Complaint against the above-captioned Defendants, state and local officials responsible for administering and enforcing New Jersey laws that unconstitutionally restrict the acquisition of firearms, and allege as follows:

1. The Second Amendment to the United States Constitution guarantees "the right of the people to keep and bear Arms." U.S. Const. amend. II.

2. This guarantee includes the right to possess firearms for self-defense. *See District of Columbia v. Heller*, 554 U.S. 570, 630 (2008). Necessary to the exercise of this fundamental right is the ability to acquire a firearm in the first place. *See, e.g.*, *Teixeira v. Cnty. of Alameda*, 873 F.3d 670, 677 (9th Cir. 2017) (the "Second Amendment right to keep and bear arms for self-defense 'wouldn't mean much' without the ability to acquire arms." (quoting *Ezell v. City of Chicago*, 651 F.3d 684, 704 (7th Cir. 2011)).

3. Yet under N.J.S.A. 2C:58-3 and its implementing regulations, law-abiding citizens must complete a complex, costly, and time-consuming administrative process before they may acquire a firearm in New Jersey for any lawful purpose, including merely keeping a firearm in the home to protect

themselves and their families. To acquire a rifle or shotgun, one must first obtain a Firearms Purchaser Identification ("FID") Card. To acquire a handgun, one must first obtain a Permit to Purchase a Handgun ("Handgun Purchase Permit")—and must obtain a new one for every purchase. Both processes involve complicated applications and multiple fees. And approval frequently takes far longer than New Jersey law allows.

4.      These restrictions on firearm acquisition are unconstitutional on their face. The Second Amendment has the same scope today as during the founding era. *See Heller*, 554 U.S. at 634–35. A requirement that law-abiding citizens obtain government permission—for a fee—before acquiring a firearm would have been foreign to the founding-era understanding of the right to keep and bear arms. The requirement is an outlier even today.

5.      That the vast majority of states rely on less-restrictive alternatives, many of which already exist in New Jersey, is strong evidence that the requirement does not serve whatever public-safety objectives New Jersey might assert. In fact, the requirement makes law-abiding citizens less safe. Since violent criminals are highly unlikely to go through the permitting process, the burdens of that process fall disproportionately on the law-abiding. And the frequent delays in that process have life-or-death consequences for citizens facing imminent threats.

6.     Plaintiffs therefore seek a declaration that the provisions of N.J.S.A. 2C:58-3 and N.J.A.C. 13:54-1.4 requiring law-abiding citizens to obtain an identification card or permit in order to acquire a firearm are unconstitutional on their face, and an injunction prohibiting Defendants from enforcing those provisions and any related statutory or regulatory provisions.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

8.     Plaintiffs seek remedies under 28 U.S.C. § 2201 and 42 U.S.C. §§ 1983 and 1988.

9.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) & (b)(2).

## PARTIES

10.     Plaintiff Sandra Kendrick is a 64-year-old resident of Dennis Township in Cape May County, New Jersey. Due to current social unrest and her advancing age, she feels vulnerable to violent attack and seriously desires a personally suited firearm for self-defense in her home. She is a law-abiding citizen who, but for her lack of an FID card or Handgun Purchase Permit, would be qualified to purchase and possess a firearm. She applied for an FID card and a Handgun Purchase Permit on March 25, 2022 and scheduled fingerprinting for April 12, the earliest available appointment at any location of the State's fingerprinting vendor. Her applications have since been granted, and she now must preserve her permit information, present

that information when exercising her right to acquire firearms, and apply for a new Handgun Purchase Permit if she wishes to acquire a handgun after her existing permit expires.

11.    Plaintiff Joseph Post is a law-abiding resident of South River Borough in Middlesex County, New Jersey. He possesses an FID card, which he uses to purchase long guns in New Jersey. He also possesses a Handgun Purchase Permit. He continuously maintains an active permit so that he may purchase a handgun at any time, which requires him to apply for new permits whenever his existing permits expire. To exercise his constitutional right to acquire firearms, he must maintain his FID card in good condition, monitor his Handgun Purchase Permits' expiration dates, and present his FID card or a Handgun Purchase Permit when acquiring a firearm. But for New Jersey's permitting requirements, he would continue to exercise his right to acquire firearms without maintaining an FID card or an active Handgun Purchase Permit.

12.    Plaintiff Bob's Little Sport Shop, Inc. is a family-owned and -operated small business incorporated in New Jersey with a storefront located at 316 North Delsea Drive in Glassboro, Gloucester County, New Jersey 08028. Opened in 1965, Bob's sells firearms and promotes their safe use through courses at its indoor range, among other services. As a licensed firearms retail dealer, Bob's is subject to

recordkeeping and other administrative duties under the permitting regime at issue. *See* N.J.S.A. 2C:58-3(a)(3), (b)(3).

13.    Plaintiff Association of New Jersey Rifle & Pistol Clubs, Inc. ("ANJRPC") is a not-for-profit membership corporation, incorporated in the State of New Jersey in 1936, and represents its members. Its address is 5 Sicomac Road, Suite 292, North Haledon, New Jersey 07508. ANJRPC represents the interests of target shooters, hunters, competitors, outdoorspeople and other law-abiding firearms owners. Among ANJRPC's purposes is aiding such persons in every way within its power and supporting and defending the people's right to keep and bear arms. New Jersey's burdensome restrictions on firearm acquisition are thus a direct affront to ANJRPC's central mission. ANJRPC has many thousands of individual members who reside in New Jersey. ANJRPC's members, including Plaintiffs Kendrick and Post, have applied for FID cards and Handgun Purchase Permits, and members maintain FID cards and continuously maintain active Handgun Purchase Permits in order to be able to purchase long guns and handguns on an ongoing basis. ANJRPC brings the claims herein on behalf of its members, including Plaintiffs Kendrick and Post ("individual Plaintiffs"), who are subject to New Jersey's unconstitutional permitting scheme.

14.    Plaintiff New Jersey Second Amendment Society ("NJ2AS") is a non-profit organization incorporated in New Jersey with an address at PO Box 96,

Hightstown, New Jersey 08520. NJ2AS's mission is to defend, protect, and preserve the Second Amendment in New Jersey, and it does so by exposing, documenting, and confronting anti-Second Amendment policies and legislation. New Jersey's burdensome restrictions on firearm acquisition have thus caused NJ2AS to expend and divert organizational resources to defend the fundamental rights of its members and supporters. NJ2AS has many members who reside in New Jersey. NJ2AS's members, including Plaintiffs Kendrick and Post, have applied for FID cards and Handgun Purchase Permits, and members maintain FID cards and continuously maintain active Handgun Purchase Permits in order to be able to purchase long guns and handguns on an ongoing basis. NJ2AS brings these claims on behalf of itself and its members, including the individual Plaintiffs, who are subject to New Jersey's unconstitutional permitting scheme.

15.     Plaintiff Coalition of New Jersey Firearm Owners ("CNJFO") is a non-profit organization incorporated in New Jersey with an address at PO Box 768, Sewell, New Jersey 08080. CNJFO's mission is to support the Second Amendment through education and awareness. CNJFO advocates for lawful, safe, and responsible firearms ownership in New Jersey, including by regular reporting on the State's firearms laws. CNJFO has many members who reside in New Jersey. CNJFO's members, including Plaintiffs Kendrick and Post, have applied for FID cards and Handgun Purchase Permits, and members maintain FID cards and

continuously maintain active Handgun Purchase Permits in order to be able to purchase long guns and handguns on an ongoing basis. CNJFO brings these claims on behalf of itself and its members, including the individual Plaintiffs, who are subject to New Jersey's unconstitutional permitting scheme.

16.  Plaintiff Firearms Policy Coalition, Inc. ("FPC") is a non-profit organization incorporated under the laws of Delaware with a place of business in Sacramento, California. The purposes of FPC include defending and promoting the People's rights, especially, but not limited to, the Second Amendment right to keep and bear arms, advancing individual liberty, and restoring freedom. FPC serves its members and the public through legislative advocacy, grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs. FPC's members, including Plaintiffs Kendrick and Post, have applied for FID cards and Handgun Purchase Permits, and members maintain FID cards and continuously maintain active Handgun Purchase Permits in order to be able to purchase long guns and handguns on an ongoing basis. FPC brings this action on behalf of its members who are subject to New Jersey's unconstitutional permitting scheme.

17.  Plaintiff Second Amendment Foundation ("SAF") is a nonprofit educational foundation incorporated in 1974 under the laws of Washington with its principal place of business in Bellevue, Washington. SAF is a 501(c)(3) organization under Title 26 of the United States Code. SAF's mission is to preserve the individual

constitutional right to keep and bear arms through public education, judicial, historical and economic research, publishing, and legal-action programs focused on the civil right guaranteed by the Second Amendment to the United States Constitution. SAF has members and supporters nationwide, including in New Jersey. SAF's members, including Plaintiffs Kendrick and Post, have applied for FID cards and Handgun Purchase Permits, and members maintain FID cards and continuously maintain active Handgun Purchase Permits in order to be able to purchase long guns and handguns on an ongoing basis. SAF brings this action on behalf of its members, including the individual Plaintiffs, who are subject to New Jersey's unconstitutional permitting scheme.

18.     Defendant Matthew J. Platkin is the Acting Attorney General of New Jersey. As Attorney General, he exercises, delegates, or supervises all the powers and duties of the New Jersey Department of Law and Public Safety, including the Division of State Police within that Department, which is responsible for executing and enforcing New Jersey's laws and regulations governing the possession of firearms, including New Jersey's firearm permitting laws and regulations. His official address is Office of the Attorney General, RJ Hughes Justice Complex, 25 Market Street, Box 080, Trenton, New Jersey 08625. He is being sued in his official capacity.

19.     Defendant Patrick J. Callahan is the Superintendent of the New Jersey Division of State Police. Subject to the oversight and supervision of the Attorney General, Defendant Callahan exercises, delegates, or supervises all the powers and duties of the New Jersey Division of State Police, including executing and enforcing New Jersey's firearm permitting laws and regulations. The State Police also has direct law-enforcement responsibility for the jurisdiction where Plaintiff Kendrick resides. Defendant Callahan's official address is the Office of the Superintendent, New Jersey State Police, 1400 Negron Road, Trenton, New Jersey 08691. He is being sued in his official capacity.

20.     Defendant John Polillo is the Chief of Police of the Glassboro Police Department and is the chief law-enforcement officer of the jurisdiction where Bob's Little Sport Shop is located. His official address is the Glassboro Police Department, 1 S. Main Street, Glassboro, New Jersey 08028.

21.     Defendant Mark Tinitigan is the Chief of Police of the South River Police Department and is the chief law-enforcement officer of the jurisdiction where Plaintiff Post resides. His official address is the South River Police Department, 61 Main Street, South River, New Jersey 08882.

## FACTUAL ALLEGATIONS

### New Jersey's Restrictions on Acquiring Long Guns

22.   Under N.J.S.A. 2C:58-3(b), one must have a Firearms Purchaser Identification Card in order to purchase a rifle or shotgun in New Jersey. *See* N.J.S.A. 2C:58-3(b)(1) ("No person shall . . . receive, purchase or otherwise acquire . . . a rifle or shotgun . . . unless the purchaser, assignee, donee, receiver or holder . . . possesses a valid firearms purchaser identification card").

23.   This requirement does not apply to licensed firearms dealers or to acquisitions of "antique" rifles and shotguns. *See id*. Otherwise, the requirement applies to law-abiding citizens who seek only to keep firearms in their homes for self-defense.

24.   To acquire a rifle or shotgun, one must "first exhibit[t] the card to the seller, donor, transferor or assignor" and "sig[n] a written certification" indicating that he is qualified to purchase a firearm under N.J.S.A. 2C:58-3(c) and listing his name, address, and FID-card number. N.J.S.A. 2C:58-3(b)(1). Except for certain circumstances, this transaction must be "conduct[ed] . . . through a licensed retail dealer." N.J.S.A. 2C:58-3(b)(2) (exempting transactions between "members of an immediate family,"[1] "law enforcement officers," and federally licensed "collectors

---

[1] The statute defines "immediate family" to include spouses, domestic partners, partners in civil unions, parents or stepparents, siblings or stepsiblings, children or stepchildren, grandparents, and grandchildren. N.J.S.A. 2C:58-3(n).

14

of firearms or ammunition as curios or relics," as well as "temporary transfer[s]" under N.J.S.A. 2C:58-3.1 and -3.2 for sport and training purposes).

25.     "[E]very retail dealer shall maintain a record" of such transactions, "which shall be maintained at the address set forth on the retail dealer's license for inspection by a law enforcement officer during reasonable hours." N.J.S.A. 2C:58-3(b)(3)(b). This is in addition to the National Instant Criminal Background ("NICS") Check that the retail dealer must complete before the transaction and that the retail dealer must "identif[y] and confir[m]" by "submit[ting] to the Superintendent of State Police, on a form approved by the superintendent." N.J.S.A. 2C:58-3(b)(3)(a).

26.     "Any person who knowingly has in his possession any rifle or shotgun without having first obtained a firearms purchaser identification card in accordance with [N.J.S.A. 2C:58-3] is guilty of a crime of the third degree," N.J.S.A. 2C:39-5(c)(1), which carries a prison sentence of three to five years, *see* N.J.S.A. 2C:43-6(a)(3), and a fine of up to $15,000, *see* N.J.S.A. 2C:43-3(b)(1).

27.     The FID application process is complex, costly, and time-consuming.

28.     An applicant must complete the S.T.S. 033 form, obtainable only "from municipal police departments, State Police stations, and licensed retail firearms dealers." N.J.A.C. 13:54-1.4(a). The form can also be completed online through the State's Firearms Application & Registration Systems ("FARS"), but to do so the

applicant "must first obtain an Originating Agency Identifier (ORI) Number" from the local police department or State Police station that will process the application.[2]

29.     The form instructs the applicant to list his Social Security number, distinctive physical characteristics, whether he "suffer[s] from a physical defect or disease," and other personal details. *See* Ex. 1 (S.T.S. 033 form). If the applicant "gives . . . any false information" on the form, he "is guilty of a crime of the third degree," N.J.S.A. 2C:39-10(c), which carries a prison sentence of three to five years, *see* N.J.S.A. 2C:43-6(a)(3), and a fine of up to $15,000, *see* N.J.S.A. 2C:43-3(b)(1).

30.     In addition, the applicant must "provide the names and addresses of two reputable citizens personally acquainted with him as references." N.J.A.C. 13:54-1.4(c).

31.     The applicant must also complete the S.P. 66 form, thereby waiving the privacy of his mental-health records, "including disclosure of the fact that said records may have been expunged," by consenting to their disclosure as part of the application. Ex. 2 (S.P. 66 form); *see* N.J.A.C. 13:54-1.4(d).

32.     The applicant must also submit two sets of his fingerprints. N.J.A.C. 13:54-1.4(c)–(d). Unless the applicant has already "been fingerprinted before for firearm purposes," he must schedule an appointment with the State's fingerprinting

---

[2] *Application for Firearms Purchaser Identification Card and/or Handgun Purchase Permit: Service Information*, N.J. STATE POLICE, https://bit.ly/3ti38sX.

vendor, IdentoGo, and visit an IdentoGo location with personal identification.[3] If the applicant has already been fingerprinted for firearms purposes, the relevant licensing authority (the Chief of Police or the Superintendent) still has discretion to make the applicant be fingerprinted again. N.J.A.C. 13:54-1.4(g); N.J.S.A. 2C:58-3(e).

33.    The application fee is $5.00 and is nonrefundable. N.J.A.C. 13:54-1.4(d). If an online applicant enters an incorrect ORI number, he "will then have to re-apply using the correct ORI number and pay for the process again."

34.    IdentoGo's current fingerprinting fee is over $50.

35.    These fees are in addition to the $15 cost of the NICS check at the point of sale, which is routinely passed onto the purchaser. N.J.S.A. 2C:58-3(b)(3)(c). The $15 fee is entirely attributable to New Jersey law; the federal government does not impose any fees for accessing the NICS system.

36.    Applicants who reside in municipalities with a full-time police department must submit their applications to the department; other resident applicants must submit their applications to their municipalities' State Police stations; and non-residents may submit their applications to any State Police station. *See* N.J.A.C. 13:54-1.4(e). Upon receipt, the licensing authority "shall investigate" the application, *id.*, including through a background check in which the applicant's fingerprints are "compared with any fingerprints maintained by the State Bureau of

_____

[3] *Id.*

Identification and the Federal Bureau of Investigation," N.J.A.C. 13:54-1.4(f). *See also* N.J.S.A. 2C:58-3(e).

37.     Replacing a "lost, stolen, or mutilated" FID card—which the holder must do within 30 days of such an event, a "change of residence," or a "change of sex"—involves a similar process. N.J.A.C. 13:54-1.11 (requiring an S.T.S. 033 form, an S.P. 66 form, and a fee for the Criminal History Record Check).

38.     Absent "good cause" for denial, the licensing authority "shall grant" an FID card "within 30 days from the date of receipt of the application for residents of this State and within 45 days for nonresident applicants." N.J.S.A. 2C:58-3(f).

39.     In reality, applicants often wait much longer. The New Jersey Firearm Purchase and Permitting Study Commission, established by the Governor in 2015, recorded permitting delays "in approximately 100 different jurisdictions," some of more than a year. Ex. 3 at 6 & app. A (Commission Report). At least one person has been murdered while waiting for her permit to be approved, in that case for six weeks. *See id*. at 3. Wait times have recently been reported to exceed 50 days even for New Jersey residents,[4] and have previously been reported to "routinely take over 90 days."[5]

---

[4] Nick Wong, *NJ Gun Permitting a Horror Story W/O a Movie! NICS NJ Portal a Garden Hose on a House Fire!*, SHORE NEWS NETWORK (July 24, 2020), https://bit.ly/3l9FxYKl.
[5] Petition for a Writ of Certiorari 23, *Aitken v. New Jersey*, No. 13-1136, 2013 WL 8114523 (Dec. 6, 2013).

40.     On information and belief, such lengthy delays continue to be widespread and have been exacerbated over this past year, as New Jersey police departments have confirmed.[6] The statute and implementing regulations provide no means to enforce the 30- or 45-day deadlines.

### New Jersey's Restrictions on Acquiring Handguns

41.     Those who wish to acquire a handgun in New Jersey face similar obstacles. Under N.J.S.A. 2C:58-3(a), one must have a Permit To Purchase a Handgun in order to purchase a handgun in New Jersey. *See* N.J.S.A. 2C:58-3(a)(1) ("No person shall . . . receive, purchase, or otherwise acquire a handgun unless the purchaser, assignee, done, receiver or holder . . . has first secured a permit to purchase a handgun").

42.      This requirement does not apply to licensed firearms dealers. *See id*. Otherwise, the requirement applies to law-abiding citizens who seek only to keep firearms in their homes for self-defense.

43.     Except for certain circumstances, handgun transactions must be "conduct[ed] . . . through a licensed retail dealer." N.J.S.A. 2C:58-3(a)(2). "[E]very retail dealer shall maintain a record" of such transactions, "which shall be

---

[6] *See* Joe Flatley, *COVID-19 Firearms Applications Update*, LOGAN PD NEWS (Apr. 1, 2020), https://bit.ly/3qItfri; *Important Announcement about Firearm Applications*, HAZLET POLICE DEP'T (Mar. 31, 2020), https://bit.ly/2P0rSY0 (noting that application processing would be "significantly delayed").

maintained at the address set forth on the retail dealer's license for inspection by a law enforcement officer during reasonable hours." N.J.S.A. 2C:58-3(a)(3)(b). This is in addition to the NICS Check that the retail dealer must complete before the transaction and that the retail dealer must "identif[y] and confir[m]" by "submit[ting] to the Superintendent of State Police, on a form approved by the superintendent." N.J.S.A. 2C:58-3(a)(3)(a).

44.     Generally, anyone who is not a law-enforcement officer or a licensed dealer may acquire "[o]nly one handgun" with a given permit and may not purchase "more than one handgun" in the State "within any 30-day period." N.J.S.A. 2C:58-3(i) (exempting purchases "for use by officers in the actual performance of their law enforcement duties," purchases by a federally licensed "collector of handguns as curios or relics," transfers among licensed dealers and manufacturers or from any person to a licensed dealer or manufacturer, exchanges within 30 days of a purchase from a retail dealer, and transactions exempted by the Superintendent under N.J.S.A. 2C:58-3.4).

45.     Subject to criminal penalties, one must also present an FID card, a "copy of a permit to purchase a handgun," or a handgun carry permit in order to acquire handgun ammunition. N.J.S.A. 2C:58-3.3(b), (e).

46.     The permit application process is complex, costly, and time-consuming.

47.    As with the FID process, a permit applicant must complete the S.T.S.
033 form, *see* N.J.A.C. 13:54-1.4(a), divulging personal details subject to the same
criminal penalties for "giving . . . any false information," N.J.S.A. 2C:39-10(c),
2C:43-6(a)(3) (three to five years' imprisonment), N.J.S.A. 2C:43-3(b)(1) (up to
$15,000 fine). He must also "provide the names and addresses of two reputable
citizens personally acquainted with him as references," consent to a search of his
mental-health records, and submit two sets of his fingerprints. N.J.A.C. 13:54-
1.4(c)–(d). Unless the applicant was "previously fingerprinted" for firearms
purposes, he must schedule an appointment with the State's fingerprinting vendor,
IdentoGo, and visit an IdentoGo location with personal identification. If the
applicant has already been fingerprinted for firearms purposes, the relevant licensing
authority (the Chief of Police or the Superintendent) still has discretion to make the
applicant be fingerprinted again. N.J.A.C. 13:54-1.4(g); N.J.S.A. 2C:58-3(e).

48.    The application fee is $2.00 and is again nonrefundable. N.J.A.C.
13:54-1.4(d). IdentoGo's current fingerprinting fee is over $50. Although an
applicant who already has a valid FID card or has previously obtained a permit from
the same licensing authority, and who "provides an additional valid identification
document of his or her identity," can be excused from additional fingerprinting, the
applicant must instead submit a "Request For Criminal History Record Information
For Non Criminal Justice Purpose" to the State Bureau of Identification and pay a

$20 fee. N.J.A.C. 13:54-1.4(g). These fees are in addition to the $16 cost of the NICS check at the point of sale, which is entirely attributable to New Jersey law and which is routinely passed onto the purchaser. N.J.S.A. 2C:58-3(a)(3)(c); *see* N.J. STATE POLICE: NICS ONLINE, *Frequently Asked Questions*, https://bit.ly/3san3u0 (last visited Mar. 22, 2021).

49.     Anyone who "knowingly violates" the above regulatory scheme for obtaining a Permit To Purchase a Handgun "is guilty of a crime of the fourth degree," N.J.S.A. 2C:39-10(a)(1), which carries a prison sentence of up to eighteen months, N.J.S.A. 2C:43-6(a)(4), and a fine of up to $10,000, N.J.S.A. 2C:43-4(b)(2).

50.     Absent "good cause" for denial, the licensing authority "shall grant" an FID card "within 30 days from the date of receipt of the application for residents of this State and within 45 days for nonresident applicants." N.J.S.A. 2C:58-3(f).

51.     In reality, this process is plagued with delays, too. The reports discussed above, *see supra* ¶¶ 42–43, detail delays in both the FID and the permit processes, and on information and belief such lengthy delays continue to be widespread. Indeed, Plaintiffs NJ2AS and ANJRPC have firsthand records of permitting delays.[7]

---

[7] *See* Michael Hill, *Second Amendment Society Claims Police Departments Delaying and Denying Handgun Permits*, NJ Spotlight News (Dec. 2, 2015), https://bit.ly/30DCoqK; ANJRPC, *ANJRPC Launches Phase 2 of Statewide Crackdown on Permitting Abuses!*, https://bit.ly/3tFLRKH (last visited Mar. 22, 2021) (describing ANJRPC's Permitting StrikeForce program, dedicated to chronicling and ending "firearms permitting abuses," including "extensive delays").

The statute and implementing regulations provide no means to enforce the 30- or 45-day deadlines.

52.     Permits are "valid for a period of 90 days from the date of issuance," though they "may be renewed by the issuing authority for good cause for an additional 90 days." N.J.S.A. 2C:58-3(f). Permit holders thus have the ability to purchase a handgun for approximately six months, at most, before they must obtain another permit.

### The Effects of New Jersey's Restrictions on Plaintiffs

53.     New Jersey's burdensome permitting regime infringes on Plaintiffs Kendrick and Post's exercise of their Second Amendment rights to acquire firearms. Plaintiff Post maintains an FID card and continuously maintains an active Handgun Purchase Permit in order to be able to purchase long guns and handguns on an ongoing basis. Other individuals who wish to acquire firearms in the State for self-defense must complete the complex, costly, and time-consuming process of obtaining an FID card or Handgun Purchase Permit, which Plaintiff Kendrick has endured. *See* N.J.S.A. 2C:58-3(a)(1), (b)(1). But for these permitting requirements, these Plaintiffs would continue to exercise their rights to acquire firearms without

maintaining an FID card, applying for a Handgun Purchase Permit, or continuously maintaining an active Handgun Purchase Permit.

54.    New Jersey's permitting regime harms Bob's Little Sport Shop economically. The permit requirements impose administrative burdens on retail dealers like Bob's, which must maintain records of firearm transactions "for inspection by a law enforcement officer during reasonable hours." N.J.S.A. 2C:58-3(b)(3)(b), (a)(3)(b). These requirements also impose obstacles against potential Bob's customers. Some potential customers have reserved firearms and never completed the purchase. Bob's has reason to believe that this lost business is due to the burdens of the permitting process.

55.    The organizational Plaintiffs—ANJRPC, NJ2AS, CNJFO, FPC, and SAF—all have members who reside in New Jersey and who thus are subject to the State's restrictions on acquiring firearms. These Plaintiffs' members regularly acquire both handguns and long guns in New Jersey. To do so, Plaintiffs' members must apply for, maintain, and present FID cards, and they must frequently apply for and obtain Handgun Purchase Permits in order to maintain active permits. Plaintiffs' members thus interact constantly with the permitting regime, paying the required costs and suffering the resulting delays, and they do so solely for the purpose of complying with the laws challenged here. These members include Plaintiff

Kendrick, who has undergone the application process, and Plaintiff Post, who maintains an FID card and regularly applies for Handgun Purchase Permits.

56.     In addition, Plaintiffs ANJRPC, NJ2AS, and CNJFO have expended resources documenting delays in the permitting process, offering guidance to members and other citizens subject to such delays, and petitioning the Governor to reform the process.

## COUNT ONE

### 42 U.S.C. § 1983 Claim for Deprivation of Rights under the Second and Fourteenth Amendments to the United States Constitution

57.     Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

58.     The Second Amendment to the United States Constitution provides: "A well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II.

59.     The Second Amendment applies to New Jersey under the Fourteenth Amendment. *See McDonald v. City of Chicago*, 561 U.S. 742, 750 (2010); *id*. at 805 (Thomas, J., concurring).

60.     The Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation," *Heller*, 554 U.S. at 592, which includes the individual right to acquire firearms. *See, e.g.*, *Teixeira*, 873 F.3d at 677; *United States v. Marzzarella*, 614 F.3d 85, 92 n.8 (3d Cir. 2010).

25

61.     The Supreme Court has held that the Second Amendment right to keep and bear arms is a "natural right" that must be given the same scope today as it was understood to have at the founding. *Heller*, 554 U.S. at 594.

62.     New Jersey's requirement that law-abiding citizens obtain a Firearms Purchaser Identification Card in order to purchase a rifle or shotgun, or a Permit To Purchase a Handgun in order to purchase a handgun, infringes on the Second Amendment right of self-defense.

63.     New Jersey's requirements have no basis in our Nation's history and traditions. Law-abiding citizens faced no licensing requirements for any type of firearm through the nineteenth century. *See* David B. Kopel, *Background Checks for Firearms Sales and Loans: Law History and Policy*, 53 HARV. J. ON LEGIS. 303, 340 (2016). And still today, only four states aside from New Jersey require a permit to acquire any type of firearm.[8]

64.     New Jersey's requirements also render law-abiding citizens less safe. Violent criminals are unlikely to obey the requirements. Thus, only law-abiding citizens face these greater difficulties—and the delays that have proven endemic to the permitting process—in obtaining a means to protect themselves and their families.

---

[8] *See* CONN. GEN. STAT. §§ 29-33, 29-37a(c); HAW. REV. STAT. § 134-2; 430 ILL. COMP. STAT. 65/2; MASS. GEN. LAWS ch. 140 § 129C, 131; *see also Licensing*, GIFFORDS LAW CENTER, https://bit.ly/3qBmUy4 (last visited Mar. 12, 2021).

65.    Defendants' ongoing enforcement of the statutory and regulatory provisions relating to these requirements therefore deprives law-abiding citizens, including Plaintiffs and Plaintiffs' members, of their fundamental constitutional right to keep and bear arms, causing injuries that are actionable under 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

A.    A declaratory judgment that New Jersey's FID and Handgun Purchase Permit requirements, codified at N.J.S.A. 2C:58-3, and implementing regulations facially violate the Second and Fourteenth Amendments to the United States Constitution;

B.    An injunction prohibiting Defendants and their officers, agents, and employees from enforcing the FID and Handgun Purchase Permit requirements;

C.    Nominal damages;

D.    Attorneys' fees, expert fees, and costs pursuant to 42 U.S.C. § 1988 and any other applicable law; and

E.    Any and all further relief that the Court deems just and proper.

Dated April 26, 2022

Respectfully submitted,

Daniel L. Schmutter
HARTMAN & WINNICKI, P.C.
74 Passaic Street
Ridgewood, New Jersey 07450
(201) 967-8040
(201) 967-0590 (fax)
dschmutter@hartmanwinnicki.com

*Attorneys for Plaintiff Association of
New Jersey Rifle & Pistol Clubs, Inc.*

/s/David D. Jensen
DAVID JENSEN PLLC
33 Henry Street
Beacon, New York 12508
(212) 380-6615
(914) 591-1318 (fax)
david@djensenpllc.com

David H. Thompson*
Peter A. Patterson*
Joseph O. Masterman*
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
jmasterman@cooperkirk.com

*Appearing *pro hac vice*

*Attorneys for Plaintiffs*

## <u>DECLARATION OF COUNSEL PURSUANT TO LOCAL CIV. R. 11.2</u>

I, David D. Jensen, the undersigned attorney of record for Plaintiffs, hereby certify, based on my current knowledge, information, and belief, that the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  April 26, 2022                              Respectfully submitted,

                                                          <u>/s/David D. Jensen</u>
                                                          DAVID JENSEN PLLC
                                                          33 Henry Street
                                                          Beacon, New York 12508
                                                          (212) 380-6615
                                                          (914) 591-1318 (fax)
                                                          david@djensenpllc.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will cause a copy of the document to be served electronically on all parties or counsel who have appeared in this matter to date. I further certify that service will be effected on the newly named Defendant pursuant to Federal Rule of Civil Procedure 4(c).

s/David D. Jensen
David D. Jensen

*Attorney for Plaintiffs*