MATTHEW J. PLATKIN
ACTING ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
P.O. Box 116
Trenton, New Jersey 08625
Attorney for Defendants,
    Matthew J. Platkin and Patrick J. Callahan

By:  Tammy Maxey
     Deputy Attorney General
     NJ ID: 035991996
     Tel:(609) 376-3121
     Tammy.Maxey@law.njoag.gov

     Stephanie M. Mersch
     NJ Attorney ID 303072019
     Tel: (609) 376-3277
     Stephanie.mersch@law.njoag.gov

| | |
|---|---|
| SANDRA KENDRICK, JOSEPH POST, BOB'S LITTLE SPORT SHOP, INC., ASSOCIATION OF NEW JERSEY RIFLE & PISTOL CLUBS, INC., NEW JERSEY SECOND AMENDMENT SOCIETY, COALITION OF NEW JERSEY FIREARM OWNERS, FIREARMS POLICY COALITION, INC., and SECOND AMENDMENT FOUNDATION<br><br>    Plaintiffs,<br><br> v.<br><br>MATTHEW J. PLATKIN, in his official capacity as Acting Attorney | Hon. Noel L. Hillman, U.S.D.J.<br>Hon. Ann Marie Donio, U.S.M.J.<br><br>Civil Action No. 21-CV-6231<br><br>**CIVIL ACTION**<br><br>**ANSWER TO AMENDED COMPLAINT OF DEFENDANTS MATTHEW J. PLATKIN AND PATRICK J. CALLAHAN**<br><br>(Electronically Filed) |

| | | |
|---|---|---|
| General of New Jersey, PATRICK J. CALLAHAN, in his official capacity as Superintendent of the New Jersey Division of State Police, JOHN POLILLO, in his official capacity as Chief of Police of the Glassboro Police Department, and MARK TINITIGAN, in his official capacity as Chief of Police of the South River Police Department<br><br>      Defendants. | | |

Acting Attorney General Matthew J. Platkin and Superintendent of the New Jersey Division of State Police Patrick J. Callahan ("Answering Defendants"), through their undersigned counsel, hereby answer Plaintiffs' Amended Complaint as follows:

1. The cited provision of the United States Constitution speaks for itself and does not require a response. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes the Second Amendment to the United States Constitution.

2. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required.

3. Answering Defendants state that portions of this paragraph contain legal conclusions to which no response is required. Denied as to the remainder of the paragraph.

4. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent that a response is required, denied.

5. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of certain allegations contained in this paragraph. As to the remainder of the paragraph, denied.

6. Answering Defendants deny that Plaintiffs are entitled to the relief sought.

## JURISDICTION AND VENUE

7. This paragraph sets forth Plaintiffs' jurisdictional allegations to which no response is required. To the extent a response is required, denied.

8. This paragraph sets forth Plaintiffs' request for legal remedies, to which no answer is required. To the extent a response is required, denied.

9. This paragraph sets forth Plaintiffs' venue allegations, to which no answer is required. To the extent a response is required, Answering Defendants admit that venue is proper in this District.

## PARTIES

10. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

13. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

16. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

17. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

18. Admitted that Defendant Matthew J. Platkin is the Acting Attorney General of New Jersey and the State's chief law enforcement officer pursuant to the

New Jersey Constitution and the Criminal Justice Act of 1970, N.J. Stat. Ann. §§ 52:17B-97.

19. Admitted that Defendant Patrick J. Callahan is the Superintendent of the New Jersey State Police. Answering Defendants deny all other allegations in this paragraph.

20. Answering Defendants deny that the statements contained in this paragraph require a response as they do not constitute allegations asserted against them.

21. Answering Defendants deny that the statements contained in this paragraph require a response as they do not constitute allegations asserted against them.

## FACTUAL ALLEGATIONS

### New Jersey's Restrictions on Acquiring Long Guns

22. The cited provision of N.J.S.A. 2C:58-3(b) speaks for itself and does not require a response. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes this provision..

23. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required.

24. The cited provisions of N.J.S.A. 2C:58-3 speak for themselves and do not require a response. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes this provision.

25. The cited provisions of N.J.S.A. 2C:58-3 speak for themselves and do not require a response. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes these provisions.

26. The cited provisions of N.J.S.A. 2C:39-5, N.J.S.A. 2C:43-3 and N.J.S.A. 2C:43-6 speak for themselves and do not require a response. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes these provisions.

27. Denied.

28. The cited provision of N.J.A.C. 13:54-1.4(a) speaks for itself and does not require a response. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes from N.J.A.C. 13:54-1.4(a). Admitted to the extent that S.T.S. 033 is the State of New Jersey Application for Firearms Purchaser Identification Card and/or Handgun Purchase Permit. Admitted to the extent that the State Police website contains a Firearms Application & Registration System. To the extent that Paragraph 28 quotes a statement from the website, that statement speaks for itself and no response is required.

29. The cited portions from the S.T.S. 033 form and N.J.S.A. 2C:39-10, N.J.S.A. 2C:43-6, and N.J.S.A. 2C:43-3 speak for themselves, and no response is

required. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes from the form and the cited provisions.

30. The cited provision of N.J.A.C. 13:54-1.4(c) speaks for itself and does not require a response. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes the provision.

31. The cited portion from the S.P. 66 form speaks for itself, and no response is required. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes from S.P. 66.

32. The cited provision of N.J.A.C. 13:54-1.4 speaks for itself, and no response is required. As to the portions of this paragraph that are not contained in N.J.A.C. 13:54-1.4, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

33. The cited provision of N.J.A.C. 13:54-1.4 speaks for itself, and no response is required. To the extent that the remainder of the paragraph accurately quotes from the State Police website's Firearms Application & Registration System, it is admitted

34. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

35. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

36. The cited provisions of N.J.A.C. 13:54-1.4 speaks for themselves and do not require a response. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes the provisions.

37. The cited provision of N.J.A.C. 13:54-1.11 speaks for itself and does not require a response. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes the provision.

38. The cited provision of N.J.S.A. 2C:58-3 speaks for itself and does not require a response. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes the provision.

39. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

40. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### New Jersey's Restrictions on Acquiring Handguns

41. The first sentence this paragraph are legal conclusions to which no response is required. The cited provision of N.J.S.A. 2C:58-3 speaks for itself and does not require a response. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes the provision.

42. The cited provision of N.J.S.A. 2C:58-3 speaks for itself and does not require a response. The last sentence this paragraph contain legal conclusions to which no response is required.

43. The cited provision of N.J.S.A. 2C:58-3 speaks for itself and does not require a response. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes the provision.

44. The cited provision of N.J.S.A. 2C:58-3 speaks for itself and does not require a response. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes the provision.

45. The cited provision of N.J.S.A. 2C:58-3 speaks for itself and does not require a response. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes the provision.

46. Denied.

47. The cited provision of N.J.A.C. 13:54-1.4 speaks for itself, and no response is required. As to the portions of this paragraph that are not contained in N.J.A.C. 13:54-1.4, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

48. The cited provision of N.J.A.C. 13:54-1.4 speaks for itself, and no response is required. As to the portions of this paragraph that are not contained in

N.J.A.C. 13:54-1.4, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

49. The cited provisions of N.J.S.A. 2C:39-10, N.J.S.A. 2C:43-6, and N.J.S.A. 2C:43-4 speak for themselves, and no response is required. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes from the cited provisions.

50. The cited provision of N.J.S.A. 2C:58-3 speaks for itself, and no response is required. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes from the cited provision.

51. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

52. The cited provision of N.J.S.A. 2C:58-3 speaks for itself, and no response is required. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes from the cited provision.

## The Effects of New Jersey's Restrictions on Plaintiffs

53. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. Additionally, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

54. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. Additionally, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

55. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

56. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## COUNT ONE

**42 U.S.C. § 1983 Claim for Deprivation of Rights under the Second and Fourteenth Amendments to the United States Constitution**

57. Answering Defendants incorporate and reallege their responses to the previous paragraphs of the Complaint as set forth herein.

58. The cited provision of the United States Constitution speaks for itself and does not require a response. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes the Second Amendment to the United States Constitution.

59. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required.

60. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required.

61. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required.

62. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

63. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

64. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

65. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

## PRAYER FOR RELIEF

Answering Defendants state that the allegations of this section, including subparagraphs A-E, are legal conclusions to which no response is required. To the

extent a response is required, Answering Defendants deny the allegations in this section, including subparagraphs A-E.

Denied that Plaintiffs are entitled to judgment against Answering Defendants. Denied that Plaintiffs are entitled to any of the relief in subparagraphs A-E. Denied that Plaintiffs are entitled to any form of declaratory relief and/or injunctive relief from Answering Defendants. Denied that Plaintiffs are entitled to any other relief from Answering Defendants.

## SEPARATE DEFENSES

Pursuant to Fed. R. Civ. P. 8(c), further answering the Complaint, and as separate defenses to the action, Answering Defendants aver that:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitation.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by principles of res judicata, collateral estoppel, or the entire controversy doctrine.

### THIRD AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over Plaintiff's claims.

## FOURTH AFFIRMATIVE DEFENSE

Recovery is barred in this action by principles of waiver, estoppel, laches, unclean hands, or accord and satisfaction.

## FIFTH AFFIRMATIVE DEFENSE

Answering Defendants have not deprived Plaintiffs of any right, privilege, or immunity secured to it by the United States constitution or any Act of Congress.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Answering Defendants upon which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE

The action is barred by the Eleventh Amendment and the doctrine of sovereign immunity.

## EIGHTH AFFIRMATIVE DEFENSE

Answering Defendants are not persons capable of being sued within the meaning of 42 U.S.C. § 1983.

## NINTH AFFIRMATIVE DEFENSE

Damages, if any, sustained by the Plaintiff were the result of actions of persons and/ or entities over whom the Answering Defendants had no control.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to name a necessary party to the litigation.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent Plaintiffs failed to take reasonable care to avoid, minimize, and/or mitigate damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to damages, attorneys' fees, expert fees, or costs.

### **RESERVATION OF RIGHTS AND DEFENSES**

Answering Defendants hereby reserve any and all defenses that are available under the Federal Rules of Civil Procedure and any other defenses, at law or in equity, that may now exist or become available later as a result of discovery and further factual investigation during this litigation. Answering Defendants reserve the right, at or before trial, to move to dismiss the Amended Complaint and/or for summary judgment, on the basis that the Amended Complaint fails to state a claim upon which relief can be granted and/or State Defendants are entitled to judgment as a matter of law, based on any or all of the above defenses.

## NOTICE

Please take notice that the undersigned attorneys do hereby demand that each party herein serving pleadings and written discovery requests and receiving answers thereto, serve copies of all such pleadings and written discovery requests and responses, and all documents, papers and other material referred to therein, received from any party, upon the undersigned attorneys, and take notice that this is a continuing demand.

## JURY DEMAND

Answering Defendants demand a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to Local Civil Rule 11.2, I certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court, or of any arbitration or administrative proceeding.

Respectfully submitted,

MATTHEW J. PLATKIN
ACTING ATTORNEY GENERAL OF NEW JERSEY


By:  s/Tammy Maxey
     Tammy Maxey
     Deputy Attorney General

By:  s/Stephanie M. Mersch
     Stephanie M. Mersch
     Deputy Attorney General
     *Attorneys for Defendants, Matthew J. Platkin*
     *and Patrick J. Callahan*

DATE: July 22, 2022

## **CERTIFICATE OF SERVICE**

I certify that on July 22, 2022, a copy of this Answer was served upon all counsel of record by way of Electronic Filing (CM/ECF).

                                                        __s/Tammy Maxey_____

                                                        Tammy Maxey
                                                        Deputy Attorney General