File No. 30516-0001-JCG
**PARKER McCAY P.A.**
By: **John C. Gillespie, Esquire**
9000 Midlantic Drive, Suite 300, P.O. Box 5054
Mount Laurel, New Jersey 08054
(856) 596-8900
jgillespie@parkermccay.com
Attorneys for Defendant, John Polillo, in his official capacity as Chief of Police of the Glassboro Police Department

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SANDRA KENDRICK, JOSEPH POST, BOB'S LITTLE SPORT SHOP, INC., ASSOCIATION OF NEW JERSEY RIFLE & PISTOL CLUBS, INC., NEW JERSEY SECOND AMENDMENT SOCIETY, COALITION OF NEW JERSEY FIREARM OWNERS, FIREARMS POLICY COALITION, and SECOND AMENDMENT FOUNDATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MATTHEW J. PLATKIN, in his official capacity as Acting Attorney General of New Jersey, PATRICK J. CALLAHAN, in his official capacity as Superintendent of the New Jersey Division of State Police, JOHN POLILLO, in his official capacity as Chief of Police of the Glassboro Police Department, and MARK TINITIGAN, in his official capacity as Chief of Police of the South River Police Department, <br><br> Defendants. | HONORABLE NOEL L. HILLMAN <br><br> CIVIL ACTION NO. 21-cv-06231-NLH-AMD <br><br> CIVIL ACTION |

**ANSWER TO AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND NOMINAL DAMAGES, AFFIRMATIVE DEFENSES, CROSSCLAIM & JURY DEMAND ON BEHALF OF DEFENDANT, JOHN POLILLO, in his official capacity as Chief of Police of the Glassboro Police Department**

Defendant, John Polillo, in his official capacity as Chief of Police of the Glassboro Police Department, by way of Answer to Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief and Nominal Damages, hereby states:

1. The cited provision of the United States Constitution speaks for itself and does not require a response. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes a clause within the Second Amendment to the United States Constitution.

2. Answering Defendant states that the allegations of this paragraph are legal conclusions to which no response is required.

3. Answering Defendant states that portions of this paragraph contain legal conclusions to which no response is required. Denied as to the remainder of the paragraph.

4. Answering Defendant states that the allegations of this paragraph are legal conclusions to which no response is required. To the extent that a response is required, denied.

5. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of certain allegations contained in this paragraph. As to the remainder of the paragraph, denied.

6. Answering Defendant denies that Plaintiffs are entitled to the relief sought.

## JURISDICTION AND VENUE

7. This paragraph sets forth Plaintiffs' jurisdictional allegations to which no response is required. To the extent a response is required, denied.

8. This paragraph sets forth Plaintiffs' request for legal remedies, to which no answer

is required. To the extent a response is required, denied.

9. This paragraph sets forth Plaintiffs' venue allegations, to which no answer is required. To the extent a response is required, Answering Defendant admits that venue is proper in this District.

## PARTIES

10. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, except that there is a business operating in Glassboro trading as "Bob's Little Sport Shop."

13. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

16. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

17. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

18. Admitted that Defendant Matthew J. Platkin is the Acting Attorney General of

New Jersey and the State's chief law enforcement officer pursuant to the New Jersey Constitution and the Criminal Justice Act of 1970, N.J. Stat. Ann. §§ 52:17B-97.

19. Admitted that Defendant Patrick J. Callahan is the Superintendent of the New Jersey State Police. Answering Defendant denies all other allegations in this paragraph.

20. Admitted.

21. Answering Defendant denies that the statements contained in this paragraph require a response as they do not constitute allegations asserted against Answering Defendant.

## FACTUAL ALLEGATIONS
### New Jersey's Restrictions on Acquiring Long Guns

22. The cited provision of N.J.S.A. 2C:58-3(b) speaks for itself and does not require a response. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes this provision.

23. Answering Defendant states that the allegations of this paragraph are legal conclusions to which no response is required.

24. The cited provisions of N.J.S.A. 2C:58-3 speak for themselves and do not require a response. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes this provision.

25. The cited provisions of N.J.S.A. 2C:58-3 speak for themselves and do not require a response. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes these provisions.

26. The cited provisions of N.J.S.A. 2C:39-5, N.J.S.A. 2C:43-3 and N.J.S.A. 2C:43-6

    speak for themselves and do not require a response. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes these provisions.

27. Denied.

28. The cited provision of N.J.A.C. 13:54-1.4(a) speaks for itself and does not require a response. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes from N.J.A.C. 13:54-1.4(a). Admitted to the extent that S.T.S. 033 is the State of New Jersey Application for Firearms Purchaser Identification Card and/or Handgun Purchase Permit. Admitted to the extent that the State Police website contains a Firearms Application & Registration System. To the extent that Paragraph 28 quotes a statement from the website, that statement speaks for itself and no response is required. Denied that any of these components to the FID Application process render same complex, costly, or time-consuming in Glassboro Township.

29. The cited portions from the S.T.S. 033 form and N.J.S.A. 2C:39-10, N.J.S.A. 2C:43-6, and N.J.S.A. 2C:43-3 speak for themselves, and no response is required. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes form the form and the cited provisions.

30. The cited provision of N.J.A.C. 13:54-1.4(c) speaks for itself and does not require a response. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes the provision.

31. The cited portion from the S.P. 66 form speaks for itself, and no response is required. To the extent a response is required, it is admitted to the extent that the

5

paragraph accurately quotes from S.P. 66.

32. The cited provision of N.J.A.C. 13:54-1.4 speaks for itself, and no response is required. As to the portions of this paragraph that are not contained in N.J.A.C. 13:54-1.4, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

33. The cited provision of N.J.A.C. 13:54-1.4 speaks for itself, and no response is required. To the extent that the remainder of the paragraph accurately quotes from the State Police website's Firearms Application & Registration System, it is admitted.

34. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

35. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

36. The cited provisions of N.J.A.C. 13:54-1.4 speaks for themselves and do not require a response. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes the provisions.

37. The cited provision of N.J.A.C. 13:54-1.11 speaks for itself and does not require a response. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes the provision.

38. The cited provision of N.J.S.A. 2C:58-3 speaks for itself and does not require a response. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes the provision.

39. Answering Defendant is without knowledge or information sufficient to form a

belief as to the truth of the allegations in this paragraph.

40. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### New Jersey's Restrictions on Acquiring Handguns

41. The first sentence this paragraph are legal conclusions to which no response is required. The cited provision of N.J.S.A. 2C:58-3 speaks for itself and does not require a response. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes the provision.

42. The cited provision of N.J.S.A. 2C:58-3 speaks for itself and does not require a response. The last sentence this paragraph contain legal conclusions to which no response is required.

43. The cited provision of N.J.S.A. 2C:58-3 speaks for itself and does not require a response. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes the provision.

44. The cited provision of N.J.S.A. 2C:58-3 speaks for itself and does not require a response. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes the provision.

45. The cited provision of N.J.S.A. 2C:58-3 speaks for itself and does not require a response. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes the provision.

46. Denied.

47. The cited provision of N.J.A.C. 13:54-1.4 speaks for itself, and no response is required. As to the portions of this paragraph that are not contained in N.J.A.C.

13:54-1.4, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

48. The cited provision of N.J.A.C. 13:54-1.4 speaks for itself, and no response is required. As to the portions of this paragraph that are not contained in N.J.A.C. 12:54-1.4, Answering Defendant is without knowledge information sufficient to form a belief as to the truth of the allegations.

49. The cited provisions of N.J.S.A. 2C:39-10, N.J.S.A. 2C:43-6, and N.J.S.A. 2C:43-4 speak for themselves, and no response is required. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes from the cited provisions.

50. The cited provision of N.J.S.A. 2C:58-3 speaks for itself, and no response is required. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes from the cited provision.

51. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

52. The cited provision of N.J.S.A. 2C:58-3 speaks for itself, and no response is required. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes from the cited provision.

### The Effects of New Jersey's Restrictions on Plaintiffs

53. Answering Defendant states that the allegations of this paragraph are legal conclusions to which no response is required. Additionally, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

54. Answering Defendant states that the allegations of this paragraph are legal conclusions to which no response is required. Additionally, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

55. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

56. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## COUNT ONE
### 42 U.S.C. §1983 Claim for Deprivation of Rights under the Second and Fourteenth Amendments to the United States Constitution

57. Answering Defendant incorporates and realleges his responses to the previous paragraphs of the Amended Complaint as set forth herein.

58. The cited provision of the United States Constitution speaks for itself and does not require a response. To the extent a response is required, it is admitted to the extent that the paragraph accurately quotes the Second Amendment to the United States Constitution.

59. Answering Defendant states that the allegations of this paragraph are legal conclusions to which no response is required.

60. Answering Defendant states that the allegations of this paragraph are legal conclusions to which no response is required.

61. Answering Defendant states that the allegations of this paragraph are legal conclusions to which no response is required.

62. Answering Defendant states that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

63. Answering Defendant states that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

64. Answering Defendant states that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

65. Answering Defendant states that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

## PRAYER FOR RELIEF

Answering Defendant states that the allegations of this section, including subparagraphs A-E, are legal conclusions to which no response is required. To the extent a response is required, Answering Defendant denies the allegations in this section, including subparagraphs A-E.

Denied that Plaintiffs are entitled to judgment against Answering Defendant. Denied that Plaintiffs are entitled to any of the relief in subparagraphs A-E. Denied that Plaintiffs are entitled to any form of declaratory relief and/or injunctive relief from Answering Defendant. Denied that Plaintiffs are entitled to any other relief from Answering Defendant.

## AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 8(c), further answering the Amended Complaint, and as

separate defenses to the action, Answering Defendant avers that:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by principles of res judicata, collateral estoppel, or the entire controversy doctrine.

### THIRD AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over Plaintiffs' claims.

### FOURTH AFFIRMATIVE DEFENSE

Recovery is barred in this action by principles of waiver, estoppel, laches, unclean hands, or accord and satisfaction.

### FIFTH AFFIRMATIVE DEFENSE

Answering Defendant has not deprived Plaintiffs of any right, privilege, or immunity secured to it by the United States Constitution or any Act of Congress.

### SIXTH AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim against Answering Defendant upon which relief can be granted.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant, John Polillo, in his official capacity as Chief of Police of the Glassboro Police Department, at all times pursuant to statutory dictates, Attorney General directives, and in good faith, was required to follow State issued laws, regulations, directives, and guidelines.

11

### EIGHTH AFFIRMATIVE DEFENSE

Damages, if any, sustained by the Plaintiffs were the result of actions of persons and/or entities over whom the Answering Defendant had no control.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs failed to name a necessary party to the litigation.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent Plaintiffs failed to take reasonable care to avoid, minimize, and/or mitigate damages, if any.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to damages, attorneys' fees, expert fees, or costs.

### RESERVATION OF RIGHTS AND DEFENSES

Answering Defendant hereby reserves any and all defenses that are available under the Federal Rules of Civil Procedure and any other defenses, at law or in equity, that may now exist or become available later as a result of discovery and further factual investigation during this litigation. Answering Defendant reserves the right, at or before trial, to move to dismiss the Amended Complaint and/or for summary judgment, on the basis that the Amended Complaint fails to state a claim upon which relief can be granted and/or Answering Defendant is entitled to judgment as a matter of law, based on any or all of the above defenses.

### CROSSCLAIM

Defendant/Crossclaimant, John Polillo, in his official capacity as Chief of Police of the Glassboro Police Department, by way of Crossclaim against Matthew J. Platkin, in his official capacity as Acting Attorney General of New Jersey, says:

1. At all times relevant to the allegations set forth in Plaintiffs' Complaint, John Polillo, was acting in his official capacity as Chief of Police of the Glassboro Police Department, and therefore, as the chief law enforcement officer for Glassboro.

2. The claims alleged by the Plaintiffs are predicated upon Defendant/Crossclaimant's enforcement and execution of State statutes, State regulations, and/or Attorney General guidelines and/or directives; over which Defendant/Crossclaimant had no control, but all of which, as a matter of law, Defendant/Crossclaimant was obligated to follow.

3. Although Defendant/Crossclaimant is the chief law enforcement officer for Glassboro, he is bound and obligated to follow State law, as well as directives issued by the Attorney General of the State of New Jersey who serves as the chief law enforcement officer for the State, and whose directives, guidelines, and policies are imposed upon lower-level law enforcement officers such as this Defendant/Crossclaimant.

4. Because Defendant/Crossclaimant was following obligations imposed by State statute, State regulations, Attorney General guidelines and/or directives, Defendant/Crossclaimant is entitled to contribution and indemnification by the Attorney General of the State of New Jersey under the facts and circumstances of this litigation.

**WHEREFORE**, Defendant/Crossclaimant, John Polillo, in his official capacity as Chief of Police of the Glassboro Police Department, demands judgment requiring the Attorney General of the State New Jersey to contribute to any judgment entered against this Defendant/Crossclaimant, to indemnify Defendant/Crossclaimant on any claims that may be successfully achieved by these Plaintiffs, and to otherwise provide for this Defendant/Crossclaimant's defense and/or pay for all fees and costs incurred by

Defendant/Crossclaimant in defending this suit; and for such other relief as the Court deems equitable, just, and proper.

## JURY DEMAND

Answering Defendant demands a trial by jury on all issues triable pursuant to Fed. R. Civ. P. 38.

## DECLARATION OF COUNSEL PURSUANT TO LOCAL CIV. R. 11.2

Pursuant to Local Civil Rule 11.2, I certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court, or of any arbitration or administrative proceeding.

PARKER McCAY P.A.<br>
Attorneys for Defendant,<br>
John Polillo, in his official capacity as Chief of Police of the Glassboro Police Department<br><br>
BY: _____<br>
JOHN C. GILLESPIE, ESQUIRE

Dated: July 25, 2022

## CERTIFICATION OF SERVICE

I certify that on July 25, 2022, a copy of this Answer was served upon all counsel of record by way of Electronic Filing (CM/ECF).

PARKER McCAY P.A.<br>
Attorneys for Defendant,<br>
John Polillo, in his official capacity as Chief of Police of the Glassboro Police Department<br><br>
BY: _____<br>
JOHN C. GILLESPIE, ESQUIRE

Dated: July 25, 2022
4895-6830-3390, v. 1